IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

IN RE: *
 *
GRAHAM GULF, INC., * CASE NO: 15-03065-HAC-11
 *
Debtor. *

**ORDER (A) APPROVING SALE AND BIDDING PROCEDURES IN
CONNECTION WITH SALE OF ASSETS OF THE DEBTOR,
(B) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR
OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND
OTHER INTERESTS, AND (D) GRANTING RELATED RELIEF**

On August 18, 2016, the Court conducted a hearing to consider the *Emergency Motion Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2004, 6004 and 6006, for an Order (a) Approving Sale and Bidding Procedures in Connection with Sale of Certain of the Debtor's Assets; (b) Scheduling a Hearing on the Bidding Procedures and Sale and Approving the Form and Manner of Notice Thereof; (c) Authorizing the Sale of Certain of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests; and (d) Granting Related Relief* (the "**Motion**") filed by the above-captioned debtor (the "**Debtor**").

The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors; (iv) proper and adequate notice of the Motion has been given and no other or further notice is necessary; and (v) upon the record after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set for herein.

**WHEREFORE, IT IS HEREBY ORDERED THAT**:

1. This Court has jurisdiction to consider the Motion and the relief requested therein

pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested in the Motion are: (i) sections 105, 363, and 365 of the Bankruptcy Code and (ii) Rules 2002(a)(2), 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3. Notice of the Motion, having been given to all parties set forth in the Debtor's Master Service List maintained in these cases, is sufficient in light of the circumstances and the nature of the relief requested in the Motion.

4. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

5. The Debtor has articulated good and sufficient reasons for this Court to: (i) approve the Bidding Procedures; and (ii) approve the scheduling of an Auction and set the Sale Hearing and approve the manner of notice of the Auction and Sale Hearing.

6. Notice of Sale: This Order and the Auction and Sale Notice substantially in the form attached as **Exhibit 2** to this Order, are reasonably calculated and sufficient to provide interested parties with timely and proper notice of the proposed Sale, including, without limitation: (i) the date, time, and place of the Auction (if one is held); (ii) the Bidding Procedures; (iii) the date, time, and place of the Sale Hearing; (iv) reasonably specific identification of the Assets to be sold; and (v) a description of the Sale as being free and clear of liens, claims, encumbrances and other interests, with all liens, claims, encumbrances and other interests of Wells Fargo in and upon the Assets to be

sold attaching to the Sale proceeds, with the Sale proceedings to be paid to Wells Fargo at closing of the Sale on account of Wells Fargo's valid, first-priority liens in and upon such Assets, and no other or further notice of the Sale shall be required.

7. Based upon the foregoing findings and conclusions, the Motion and the record before the Court with respect to the Motion, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein. All capitalized terms used herein but otherwise not defined shall have the meanings set forth in the Motion or the Bidding Procedures, as applicable.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion, are overruled.

**A.     Important Dates and Other Procedures**:

3. <u>Sale Hearing</u>. The Sale Hearing shall commence on September 1, 2016, at 2:00 p.m. (prevailing Central Time) before the Honorable Henry A. Callaway at the United States Bankruptcy Court for the Southern District of Alabama, or before any other judge who may be sitting in his place and stead. The Debtor, in consultation with Wells Fargo, may adjourn the Sale Hearing without further notice other than by announcement in open Court or on the Court's calendar.

4. <u>General Objection Procedures</u>. Objections, if any, to the Sale of the Assets, or any other relief requested in the Motion other than the relief granted by this Court in the Bidding Procedures Order must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) in conformity with the Bankruptcy Rules and applicable local rules; (d) filed with the Clerk of the Bankruptcy Court for the Southern District of Alabama, and (e) served in accordance with applicable local rules so as to be received on or before the relevant objection deadline by the following

(collectively, the "Objection Notice Parties"): (i) counsel for the Debtor; (ii) counsel for Wells Fargo; (iii) counsel for the Unsecured Creditors Committee; and (iv) Office of the Bankruptcy Administrator for the Southern District of Alabama (these procedures are collectively referred to as the "General Objection Procedures"). Each objection shall state the legal and factual basis of such objection and may be orally supplemented at the relevant hearing.

5. Only those objections made in compliance with the General Objection Procedures will be considered by the Court at the Sale Hearing. The failure of any objecting person or entity to file its objections in accordance with the General Objection Procedures will be a bar to the assertion, at the Sale Hearing or thereafter, of any objection and shall be deemed to constitute any such party's consent to the entry of the Sale Order and consummation of the Sale and all transactions related thereto.

6. Bid Deadline. All bids by any third party that is interested in acquiring the Assets must be actually received by the parties specified in the Bidding Procedures, and Bidder's Good Faith Deposit must be delivered to the Debtor, on or prior to **August 29, 2016, at 4:00 p.m.** (prevailing Central Time) (the "Bid Deadline").

7. Auction. If necessary, an Auction with respect to the Assets will be held at the offices of Helmsing, Leach, Herlong, Newman & Rouse P.C., 150 Government Street, Suite 2000, Mobile, Alabama 36602, on **September 1, 2016, at 12:00 p.m. noon** (prevailing Central Time). As set forth more fully in the Bidding Procedures, only Qualified Bidders and their legal and financial advisors shall be entitled to attend and/or bid at the Auction.

**B. Auction, Bidding Procedures, and Related Relief**

8. The Bidding Procedures, attached hereto as **Exhibit 1**, are hereby authorized, approved and made part of this Order as if fully set forth herein. The Bidding Procedures shall

govern the submission, receipt, and analysis of all Bids relating to the proposed Sale of the Assets. Any party desiring to bid on the Assets shall comply with the Bidding Procedures and this Order. The Debtor, in consultation with Wells Fargo, is authorized to take any and all actions necessary to implement the Bidding Procedures.

9. A Qualified Bidder shall confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

10. In the event that the Debtor timely receives a Qualified Bid, the Debtor may determine, in the exercise of its sound business judgment, to conduct an Auction to request additional competitive Bids from Qualified Bidders with respect to the Assets in accordance with the Bidding Procedures.

11. If the Debtor receives no Qualified Bids then there will be no auction, and the Debtor will present Seacor as the Purchaser at the Sale Hearing.

12. Subject to the final determination of this Court, the Debtor is authorized to determine, in consultation with Wells Fargo and in its business judgment, and pursuant to the Bidding Procedures, the highest or otherwise best Bid and the Successful Bidder or Backup Successful Bidder.

**B.  Auction and Sale Notice**

13. The Auction and Sale Notice is hereby approved. On or within three (3) business days following the entry of this Order, the Debtor shall cause the Auction and Sale Notice to be served on: (i) all entities known by the Debtor to have expressed an interest in a transaction with respect to the Assets; (ii) all state and local taxing authorities or recording offices which have a reasonably known interest in the relief requested; (iii) all insurers; (iv) all parties who are known or reasonably believed, after reasonable inquiry, to have asserted any lien, encumbrances, claim, or

other interest in the Assets; and (v) upon all parties set forth in the Debtor's Master Service List maintained in these cases (to the extent any party to receive notice thereby would not receive notice pursuant to sections (i) through (v) above.

**C.     Miscellaneous**

14.     The Debtor is authorized to take all actions necessary and appropriate, in consultation with Wells Fargo, to implement and effectuate the relief granted pursuant to this Order in accordance with the Motion and to expend such sums of money and do other things as may be necessary and appropriate to comply with the requirements established by the Bidding Procedures and this Order.

15.     The Debtor is authorized to conduct the Sale without the necessity of complying with any state or local bulk transfer laws or requirements.

16.     The Debtor shall submit to the Court the proposed Sale Order approving the Sale within one (1) business day after the close of the Sale Hearing.

17.     In the event of any conflict between this Order and any applicable APA, the terms of this Order shall control.

18.     Any stay of this Order, whether arising from Bankruptcy Rules 6004 and/or 6006 or otherwise, is hereby expressly waived and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

19.     This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:  August 22, 2016

/s/ Henry A. Callaway
HENRY A. CALLAWAY
CHIEF U.S. BANKRUPTCY JUDGE

# EXHIBIT "1"

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA**

IN RE:     *

            *

**GRAHAM GULF, INC.,**     *     CASE NO: 15-03065-HAC-11

            *

     **Debtor.**     *

## BIDDING PROCEDURES

On August 18, 2016, the United States Bankruptcy Court for the Southern District of Alabama (the "Court") entered the *Order (A) Approving Sale and Bidding Procedures in Connection With Sale of Assets of the Debtor, (B) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (C) Granting Related Relief* (the "**Bidding Procedures Order**"), in which the Court approved the following bidding procedures (the "**Bidding Procedures**") setting the process by which Graham Gulf, Inc. (the "**Debtor**") as Debtor and Debtor-in-Possession, is authorized to conduct a sale (the "**Sale**") of substantially all of its assets (the "**Assets**").[1]

     **1.**      **Property to be Sold**

The Assets to be sold consist of those set out in **Exhibit 1** attached hereto. The Assets will be sold free and clear of all liens, claims, encumbrances, and other interests (except as otherwise set forth in the applicable purchase and sale agreement).

The Debtor may consider bids for all or substantially all of the Assets in a single bid from a single bidder or multiple bids from multiple bidders for the Assets. Bids to purchase Assets must consist of cash plus assumption for any specified liabilities.

     **2.**      **Due Diligence**

Subject to execution of a confidentiality agreement on terms reasonably acceptable to the Debtor (a "Confidentiality Agreement"), any party willing to submit any proposal, solicitation or offer (each, a "Bid") for the Assets (such party, a "Potential Bidder") may be granted access to public and non-public information relating to the Assets to facilitate its consideration of making its Bid. Any confidentiality agreement previously entered into between the Debtor and a Potential Bidder in effect on the date of the entry of the Bid Procedures Order shall be deemed to be a Confidentiality Agreement for the purposes of these Bidding Procedures.

---

[1]      Capitalized terms not defined herein shall have the meanings set forth in the *Debtor's Motion, Pursuant to Bankruptcy Code Sections 105(a), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006, for Entry of an Order (A) Approving Sale and Bidding Procedures in Connection with Sale of Assets of the Debtor, (B) Authorizing the Sale of Assets Free and Clear of all Liens, Claims, Encumbrances and Other Interests, and (D) Granting Related Relief* (the "**Motion**").

1

The Debtor shall provide each Potential Bidder reasonable due diligence information as necessary to enable such Potential Bidder to evaluate the Assets. Potential Bidders interested in conducting due diligence should contact counsel for the Debtor, Jeffery J. Hartley at Helmsing, Leach, Herlong, Newman & Rouse, P.C., 150 Government Street, Suite 2000, Mobile, Alabama 36602, jjh@helmsinglaw.com and counsel for Wells Fargo Bank, N.A ("Lender"), Greenberg Traurig, LLP, Terminus 200, 3333 Piedmont Road, NE, Suite 2500, Atlanta, GA 30305, Attn: David B. Kurzweil. The Debtor shall have no obligation to furnish any due diligence information after the Bid Deadline and shall have no obligation to furnish due diligence information requested by one Potential Bidder to the other Potential Bidders.

In connection with the provision of due diligence to Potential Bidders, the Debtor shall not furnish any confidential information relating to the Assets, liabilities of the Debtor, or the Sale to any person or entity except a Potential Bidder or such Potential Bidder's duly-authorized representatives to the extent covered by any applicable Confidentiality Agreement.

The Debtor and its counsel shall coordinate all reasonable requests for additional information and due diligence access from Potential Bidders; provided, however, that the Debtor may decline to provide such information to any Potential Bidder who, in the Debtor's reasonable business judgment and in consultation with Lender, has not established that such Potential Bidder intends in good faith to, or has the capacity to, consummate a transaction. No conditions relating to the completion of due diligence shall be permitted to exist after the Bid Deadline.

**3.     "As is, Where is"**

Other than as specifically provided m the Qualified APA(s) (as defined below), as applicable, any Sale of the Assets shall be without representation or warranties of any kind, nature, or description by the Debtor, its agents, or its estate. All of the Assets shall be transferred "as is," "where is" and "with all faults" (unless otherwise agreed by the parties in the APA). THE DEBTOR EXPRESSLY DISCLAIMS ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO THE NATURE, QUALITY, VALUE OR CONDITION OF ANY ASSET. Except as otherwise provided in a Qualified APA, all of the Debtor's right, title, and interest in and to the respective Assets will be transferred free and clear of all liens, claims, encumbrances and other interests in accordance with section 363(f) of the Bankruptcy Code.

Each Potential Bidder for any of the Assets will be deemed to acknowledge and represent that it: (a) has had an opportunity to conduct due diligence regarding the Assets prior to making its Bid; (b) has relied solely upon its own independent review, investigation, and inspection of any document including, without limitation, executory contracts and unexpired leases, in making its Bid; and (c) did not rely upon or receive any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied by operation of law, or otherwise, with respect to the Assets, or the completeness of any information provided in connection with the Sale or the Auction.

4. **Qualified Bids**

In order to constitute a Qualified Bid (as defined below), any proposal, solicitation or offer for the Assets (each, a "Bid") submitted by a bidder (each, a "Bidder") must (i) be submitted in writing prior to the Bid Deadline (ii) must be in an amount equal to the Ten Million and 00/100 Dollar offer from Seacor (the "Minimum Qualified Bid"), plus the minimum overbid and break-up fees as defined below; and (iii) satisfy the following requirements, as determined by the Debtor in its reasonable business judgment (collectively, the "Bid Requirements"):

a. Contain a signed definitive purchase and sale agreement (together with a copy of the signed agreement that is marked to show changes from the APA) (a "Qualified APA) and shall: (i) identify the Assets, (ii) contain the form of and total consideration to be paid by such Bidder, including the amount of proposed cash consideration and the liabilities to be assumed, (iii) shall generally contain terms no less favorable (in the Debtor's reasonable business judgment) than the APA, and (iv) not be subject to any: (a) financing contingency, (b) contingency relating to due diligence after the Bid Deadline, (c) contingency relating to the approval of the Bidder's board of directors or other internal approvals or non-governmental third-party consents or approvals, or (d) any conditions precedent to the Bidder's obligation to purchase the Assets other than those included in the APA.

b. Be accompanied by the provision of a certified or bank check or wire transfer in the amount of at least 10% of the purchase price proposed in the Qualified APA as a good faith deposit (the "Good Faith Deposit"). The Good Faith Deposit shall be held in escrow by the Debtor and credited to the closing payment if the Bidder is ultimately determined to be the Successful Bidder (as defined below), if any closing payment is due, or to be returned to the Bidder in whole or in part as applicable if the Bidder is not the Successful Bidder or the Backup Successful Bidder (as defined in the Bidding Procedures). In the event that a Bidder is selected as the Backup Successful Bidder, the Good Faith Deposit shall be returned to the Backup Successful Bidder within three (3) business days following the closing of a Sale to the Successful Bidder.

c. Contain a written statement that the Bidder agrees to be bound by the terms of the Bidding Procedures and the Bidding Procedures Order and include a commitment that the Bidder shall (i) commence and complete all filings with respect to necessary government and other approvals within three (3) days following the entry of the Sale Order with respect to the Assets and (ii) consummate the purchase of the Assets within ten (10) days following entry of the Sale Order.

d. Be accompanied by evidence satisfactory to the Debtor that the Bidder is willing, authorized (including by such Bidder's board of directors or comparable governing body), capable and qualified financially, operationally, legally and otherwise, of unconditionally performing all obligations under the Qualified APA.

3

e.  Provide (i) that the Bidder agrees to serve as the Backup Successful Bid (as defined in the Bidding Procedures) if it is selected as the next highest and best bid for the Assets after the Successful Bid is determined in accordance with the Bidding Procedures and (ii) that the Bidder's Bid shall remain open and irrevocable until at least thirty (30) days after the entry of an order by the Court approving a definitive agreement providing for the Sale of the Assets.

f.  Fully disclose the identity of the entity that will be bidding in any Auction scheduled by the Debtor.

g.  Be submitted to (i) counsel for the Debtor and (ii) counsel for Lender so as to be received not later than the Bid Deadline at Monday, August 29, 2016 at 4:00 p.m. (prevailing Central Time).

5. **Qualified Bidders**

A Bid that satisfies each of the Bid Requirements, as determined in the Debtor's reasonable business judgment and in consultation with Lender shall constitute a "Qualified Bid," and such Potential Bidder shall be a "Qualified Bidder." The Debtor shall notify each Qualified Bidder that such party is a Qualified Bidder within two (2) days after the Bid Deadline.

If any Bid is determined by the Debtor, in consultation with Lender, not to be a Qualified Bid, the Debtor shall cause such Bidder to be refunded its Good Faith Deposit and all accumulated interest thereon on or within three (3) business days after the Bid Deadline.

Between the date that the Debtor notifies a Potential Bidder that it is a Qualified Bidder and the Auction, the Debtor, in consultation with Lender, may discuss, negotiate, or seek clarification of any Qualified Bid from a Qualified Bidder. Except as otherwise set forth in a Qualified APA, a Qualified Bidder may not modify, amend, or withdraw its Qualified Bid without the written consent of the Debtor in consultation with Lender, except for proposed amendments to increase the consideration contemplated by, or otherwise improve the terms of, the Qualified Bid, during the period that such Qualified Bid remains binding as specified herein; provided, that any Qualified Bid may be improved at the Auction as set forth herein. Any improved Qualified Bid must continue to comply with the requirements for Qualified Bids herein.

6. **Notice Procedures**

<u>Notice of Auction and Sale Hearing.</u>  After entry of the Bidding Procedures Order, the Debtor will cause the Auction and Sale Notice, substantially in the form attached to the Bidding Procedures Order as **Exhibit 2**, to be served by first-class mail, postage pre-paid, facsimile, electronic transmission, or overnight mail upon: (i) all entities known by the Debtor to have expressed an interest in a transaction with respect to the Assets; (ii) all state and local taxing authorities or recording offices which have a reasonably known interest in the relief requested;

4

(iii) all parties who are known or reasonably believed, after reasonable inquiry, to have asserted any lien, encumbrance, claim, or other interest in the Assets, including without limitation the Lender; and (iv) upon all parties set forth in the Debtor's Master Service List maintained in these cases (to the extent any party to receive notice thereby would not receive notice pursuant to sections (i) through (v) above).

### 7. No Qualified Bids

If the Debtor does not receive any Qualified Bids with respect to the Assets, then the Debtor shall present Seacor as the Purchaser of the Assets at the Sale Hearing.

### 8. Auction

In the event the Debtor receives a Qualified Bid, the Debtor may determine, in consultation with Lender and in the exercise of its sound business judgment to schedule an Auction to request additional competitive bids from Seacor and the Qualified Bidder(s).

The Debtor shall determine, in consultation with Lender, from the submitted bids which Qualified Bid shall constitute the highest pre-Auction Qualified Bid. The highest pre-Auction Qualified Bid shall be the "Baseline Bid" for purposes of the Auction. The Debtor shall notify each Qualified Bidder of the contents of the Baseline Bid. The Baseline Bid shall be subject to higher and better Bids at the Auction.

In making the determination of which Qualified Bid(s) constitutes the Successful Bid(s), the Debtor, in consultation with Lender, may take into account any factors the Debtor reasonably deems relevant to the value of the Qualified Bid(s) to the Debtor's estate, including, among other things: (a) the number, type, and nature of any changes to the Seacor APA requested by the Qualified Bidder, including the type and amount of Assets sought and the liabilities of the Debtor to be assumed in the Bid; (b) the amount and nature of the total consideration; (c) the likelihood of the Bidder's ability to close a transaction and the timing thereof; and (d) the tax consequences of such Qualified Bid (collectively, the "**Bid Assessment Criteria**").[2]

In the event the Debtor determines to conduct an Auction, the Auction shall take place on **September 1, 2016, at 12:00 noon** (prevailing Central Time) at the offices of Helmsing, Leach, Herlong, Newman & Rouse, P.C., 150 Government Street, Suite 2000, Mobile, Alabama 36602, or such later date and time as selected by the Debtor. The Auction shall be conducted in a timely fashion according to the following procedures:

    a. The Debtor Shall Conduct the Auction.

The Debtor and its professionals, in consultation with Lender, shall direct and preside over the Auction. At the start of the Auction, the Debtor shall describe the terms of the Baseline Bid. All incremental Bids made thereafter shall be Overbids (as defined herein) and

---

[2] For avoidance of doubt, the Bid Assessment Criteria listed herein are not exhaustive and are provided for illustrative purposes only, and the Debtor, in its sole discretion, may consider any additional criteria that it considers reasonably relevant to the value of any Qualified Bids.

5

shall be made and received on an open basis, and all material terms of each Overbid shall be fully disclosed to all other Qualified Bidders. The Debtor shall maintain a written transcript of all Bids made and announced at the Auction, including the Baseline Bid, all Overbids, and the Successful Bid(s).

In order to participate in the Auction, each prospective purchaser must be a Qualified Bidder. Each Qualified Bidder must have at least one individual representative with authority to bind the Qualified Bidder attend the Auction in person. Only Qualified Bidders and their legal and financial advisors shall be entitled to attend and/or bid at the Auction. By attending the Auction, each party present at the Auction agrees to keep the Auction, the Bids at the Auction and all details concerning the Auction confidential. The Auction shall be conducted in the presence of a certified court reporter who shall transcribe the Auction.

b. Auction Procedures

In order to be a Qualified Bidder, a bidder must have submitted a bid containing aggregate consideration of at least $500,000.00 more than the total consideration contained in Seacor's Minimum Qualified Bid (the "**Minimum Overbid**").

At the Auction, Qualified Bidders, including Seacor, shall submit successive bids in increments to be determined by the Debtor at the Auction (the "**Incremental Bid Amount**") for the purchase of the Assets for which it is bidding (each an "**Overbid**").

During the course of the Auction, the Debtor shall, after the submission of each Overbid, promptly inform each Qualified Bidder that Overbid reflects, in the Debtor's view, the highest or otherwise best Bid for some or all of the Assets.

c. Consideration of Overbids.

The Debtor reserves the right, in its reasonable business judgment, and in consultation with Lender, to adjourn the Auction to, among other things: facilitate discussions between the Debtor and Qualified Bidders; allow Qualified Bidders to consider how they wish to proceed; and provide Qualified Bidders the opportunity to provide the Debtor with such additional evidence as the Debtor, in consultation with Lender and in its reasonable business judgment, that the Qualified Bidder has sufficient internal resources, or has received sufficient non-contingent debt and/or equity funding commitments, to consummate the proposed transaction at the prevailing Overbid amount.

d. Closing the Auction.

(i) The Auction shall continue until there is only one offer that the Debtor determines, in consultation with Lender and subject to Court approval, is the highest and/or best offer for the purchase of the Assets (whether in an aggregate sale to a single buyer or on an asset by asset basis (each a "**Successful Bid**" and such Bidder, the "**Successful Bidder**"), at which point, the Auction will be closed.

6

     The Auction shall not close unless and until all Qualified Bidders have been given a reasonable opportunity to submit an Overbid at the Auction to the then-existing Overbid(s). Such acceptance by the Debtor of the Successful Bid(s) is conditioned upon approval by the Court of the Successful Bid(s). The second highest bid, to the extent determined to be acceptable to the Debtor and in consultation with Lender shall be deemed to be the backup bid (the "**Backup Successful Bid**" and such Bidder, the "**Backup Successful Bidder**").

  (ii)  The identity of the Backup Successful Bidder(s) and the amount and material terms of the Backup Successful Bid(s) shall be announced by the Debtor at the conclusion of the Auction at the same time the Debtor announce the identity of the Successful Bidder(s). The Backup Bidder(s) shall be required to keep its or their Qualified Bid(s) (or if the Backup Bidder(s) submitted one or more Overbids at the Auction, its final Overbid(s)) open and irrevocable until the closing of the transaction with the Successful Bidder(s).

  (iii)  In the event Seacor is not the Successful Bidder at the Auction, Seacor shall be entitled to a break-up fee and expense reimbursement of $200,000.00 (2% of the Minimum Qualified Bid). This break-up fee and expense reimbursement is designed to compensate Seacor for the due-diligence they have performed on the Assets as well as the expense involved in the negotiation and drafting of the APA and associated documents necessary to the Sale. The Successful Bidder will fund the break-up fee and expense reimbursement.

  (iv)  For the avoidance of doubt, nothing in these Bidding Procedures shall prevent the Debtor from exercising its fiduciary duties under applicable law.

  (v)  The Debtor shall not consider any Bids or Overbids submitted after the conclusion of the Auction and any and all such Bids and Overbids shall be deemed untimely and shall under no circumstances constitute a Qualified Bid.

  (vi)  As soon as reasonably practicable after closing the Auction, the Debtor shall cause the definitive asset purchase agreement for the Successful Bid(s) to be filed with the Court.

 e. <u>No Collusion; Good Faith Bona Fide Offer</u>.

  Each Qualified Bidder participating at the Auction will be required to confirm on the record that: (i) it has not engaged in any collusion with respect to the bidding; and (ii) its Qualified Bid is a good faith bona fide offer and it intends to consummate the proposed

7

transaction if selected as the Successful Bidder.

10. **Backup Successful Bidder**

If a Successful Bidder fails to consummate an approved transaction contemplated by its Successful Bid, the Debtor may, in consultation with Lender, select the applicable Backup Successful Bidder as the Successful Bidder, and such Backup Successful Bidder shall be deemed a Successful Bidder for all purposes. The Debtor will be authorized, but not required, to consummate all transactions contemplated by the Bid of such Backup Successful Bidder without further order of the Court or notice to any party. In such case, the defaulting Successful Bidder's Good Faith Deposit shall be forfeited to the Debtor, and the Debtor specifically reserves the right to seek all available remedies against the defaulting Successful Bidder (or Backup Successful Bidder, if such party shall also breach or fail to perform), as applicable, including with respect to specific performance. In the event that the Backup Successful Bidder fails to consummate an approved Sale, the Assets may be sold pursuant to one or more subsequent sales.

11. **Highest or Otherwise Best Bid**

At all times during the Proposed Sale Process, the Debtor, in consultation with Lender, shall retain full discretion and right to determine which Bid or Bids constitutes the highest or otherwise best offer for the purchase of the Assets (whether in an aggregate sale to a single buyer or on an asset by asset basis), and which Bid or Bids should be selected as the Successful Bid(s), if any, all subject to final approval by the Court pursuant to the provisions of section 363(b) of the Bankruptcy Code. The Debtor may, in consultation with Lender, adopt rules for the Auction that, in its judgment, will better promote the goals of the Auction and that are not inconsistent in any material respect with any of the other material provisions hereof or of any Court order.

12. **Proceeds**

Lender's liens against the Debtor's Assets shall attach to the proceeds of the Sale of such Assets, and the proceeds of any such Sale approved by the Court shall be paid to Lender at closing of the Sale.

13. **Reservation of Rights**

The Debtor in consultation with Lender, reserves the right to modify these Bidding Procedures at or prior to the Auction, including, without limitation, extending the deadlines set forth herein with respect to any or all Potential Bidders, imposing additional terms and conditions with respect to any or all Potential Bidders, adjourning or cancelling the Auction at or prior to the Auction and/or adjourning the Sale Hearing.

### 14. Consent to Jurisdiction

All Qualified Bidders at the Auction *shall* be deemed to have consented to the jurisdiction of the Court and waived any right to a jury trial in connection with any disputes relating to the Auction, the construction and enforcement of these Bidding Procedures, and/or the Confidentiality Agreements, as applicable.

### 15. Sale Hearing

A hearing to consider approval of the Sale of all or substantially all of the Assets to the Successful Bidder(s) (or, as applicable, to report to the Court if no Auction is held) (the "**Sale Hearing**") is presently scheduled to take place on **September 1, 2016, at 2:00 p.m.** (prevailing Central Time), or as soon thereafter as counsel may be heard, before Honorable Henry A. Callaway, the United States Bankruptcy Court for the Southern District of Alabama, or before any other judge who may be sitting in his place and stead.

The Sale Hearing may be continued to a later date by the Debtor by sending notice prior to, or making an announcement at, the Sale Hearing. No further notice of any such continuance will be required to be provided to any party.

At the Sale Hearing, the Debtor shall present the Successful Bid(s) to the Court for approval. Following the approval of the Successful Bid(s) at the Sale Hearing, the Debtor will be authorized to take any and all actions necessary and appropriate to complete and implement the Sale(s) contemplated by the Successful Bid(s), including, without limitation, seeking entry of one or more orders approving such Sale(s).

### 16. Return of Good Faith Deposits

The Good Faith Deposit of the Successful Bidder(s) shall be applied to the purchase price of such transaction at Closing. The Good Faith Deposits for each Qualified Bidder shall be held in one or more interest-bearing escrow accounts on terms acceptable to the Debtor, in consultation with Lender, in its sole discretion and shall be returned on or within three (3) business days after the Auction. Upon the return of the Good Faith Deposits, their respective owners shall receive any and all interest that will have accrued thereon.

If a Successful Bidder fails to consummate a proposed transaction because of a breach by such Successful Bidder, the Debtor will not have any obligation to return the Good Faith Deposit deposited by such Successful Bidder, which may be retained by the Debtor as liquidated damages, in addition to any and all rights, remedies, and/or causes of action that may be available to the Debtor, and the Debtor shall be free to consummate the proposed transaction with the applicable Backup Successful Bidder without the need for an additional hearing or order of the Court.

9

### 17. No Modification of Bidding Procedures

Except as otherwise provided herein, these Bidding Procedures may not be modified except with the Debtor's consent in consultation with Lender.

Doc.487045

10

# EXHIBIT "2"

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **IN RE:** | * | |
| | * | |
| **GRAHAM GULF, INC.,** | * | **CASE NO: 15-03065-HAC-11** |
| | * | |
| Debtor. | * | |

**NOTICE OF (I) SOLICITATION OF INITIAL BIDS;
(II) BIDDING PROCEDURES; (III) AUCTION;
(IV) SALE HEARING AND (V) RELATED RELIEF AND DATES**

PLEASE TAKE NOTICE that the Debtor is soliciting offers for the purchase of substantially all of the Assets of the liabilities of the Debtor with respect thereto consistent with the bidding procedures (the "Bidding Procedures") approved by the Bankruptcy Court by entry of an order dated August 19, 2016 (the "Bidding Procedures Order"). All interested bidders should carefully read the Bidding Procedures and Bidding Procedures Order. To the extent that there are any inconsistencies between this notice and the Bidding Procedures or Bidding Procedures Order, the Bidding Procedures or Bidding Procedures Order, as applicable, shall govern in all respects.

PLEASE TAKE FURTHER NOTICE that, if the Debtor receives one qualified bid within the requirements and time frame specified by the Bidding Procedures, the Debtor may determine in the exercise of business judgment and in consultation with its prepetition lender Wells Fargo Bank, N.A. (the "Lender"), to schedule an auction (the "Auction") to request additional competitive bids from qualified bidders with respect to the Sale of the Assets on **September 1, 2016 at 12:00 noon** (prevailing Central Time), at the offices of Helmsing, Leach, Herlong, Newman & Rouse, P.C., 150 Government Street, Suite 2000, Mobile, Alabama 36602, or such later date and time as selected by the Debtor in consultation with Lender. The Auction shall be conducted in a timely fashion according to the Bidding Procedures.

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Sale of all or substantially all of the Assets to one or more Successful Bidder(s) (the "Sale Hearing") is presently scheduled to take place on **September 1, 2016 at 2:00 p.m.** (prevailing Central Time) or as soon thereafter as counsel may be heard, before the Honorable Henry A. Callaway, the United States Bankruptcy Court for the Southern District of Alabama, or before any other judge who may be sitting in his place and stead.

PLEASE TAKE FURTHER NOTICE that copies of the Motion, and any exhibits thereto, including the Bidding Procedures Order, Bidding Procedures, and the APA, are available upon request to counsel for the Debtor, Jeffery J. Hartley at Helmsing, Leach, Herlong, Newman & Rouse, P.C., 150 Government Street, Suite 2000, Mobile, Alabama 36602, email jjh@helmsinglaw.com.

Dated this 16th day of August, 2016.

                                             **/s/ Jeffery J. Hartley**
JEFFERY J. HARTLEY (HARTJ4885)
CHRISTOPHER T. CONTE (CONTC7094)
Attorneys for the Debtor and
Debtor in Possession, Graham Gulf, Inc.

**Of counsel:**
HELMSING, LEACH, HERLONG,
   NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, AL 36652
(251) 432-5521
(251) 432-0633 Fax
Email  jjh@helmsinglaw.com
         ctc@helmsinglaw.com

## CERTIFICATE OF SERVICE

     I do hereby certify that I have on this the 16th day of August, 2016, served a copy of the referenced pleading upon each of the persons and/or entities listed on the attached mailing matrix either by electronic mailing or by U.S. Mail, properly addressed and first class postage prepaid.

                                             **/s/Jeffery J. Hartley**
                                             OF COUNSEL

Doc.#487047